## McCarron *against* The People.

A justice of the supreme court, while a judge of the court of appeals by virtue of his selection from the class of justices having the shortest time to serve, has authority to preside in a court of oyer and terminer, or to discharge any of the ordinary duties of a justice of the supreme court.

McCarron *v.* People, 2 Park. 183, affirmed.

McCarron, the plaintiff in error, was tried for murder at the Oneida county court of oyer and terminer, held in October, 1854, and convicted. The court was composed of the Hon. Wm. F. Allen as presiding justice, and two justices of the sessions. At the time of the trial, Justice Allen was one of the judges of the court of appeals, having been selected as one of the judges of that court for the year 1854, from the class of justices of the supreme court having the shortest time to serve. The conviction was affirmed by the supreme court in the 5th district. The prisoner removed the case by writ of error to this court. The only question presented was, whether Justice Allen could preside at the oyer and terminer during the period for which he was selected as a judge of the court of appeals pursuant to the constitution and statutes, and while he was one of the members of that court.

*J. A. Spencer*, for the plaintiff in error.

*H. T. Utley*, district attorney, for the people.

*Johnson, J. The only question in this case is [*75 whether Justice Allen had authority to preside in the court of oyer and terminer at which the plaintiff in error was convicted. His authority was denied, upon the ground that he had been selected under the constitution and laws to be a judge of the court of appeals during the year in which the prisoner was convicted, and that by such selection his au-

thority to act in the judicial capacity of presiding judge in the oyer and terminer was suspended. The decision of this question depends entirely upon the terms of the constitution.

Section 2 of art. 6, declares "there shall be a court of appeals, composed of eight judges, of whom four shall be elected by the electors of the state for eight years, and four selected from the class of justices of the supreme court having the shortest time to serve," and that "provision shall be made by law for selecting such justices of the supreme court from time to time." The 4th section of the same article fixes the number of the justices of the supreme court, but does not point out their duties. The 6th section is as follows: "Provision may be made by law for designating, from time to time, one or more of the said justices who is not a judge of the court of appeals, to preside at the general terms of the said court, to be held in the several districts. Any three or more of the said justices, of whom one of the said justices so designated shall always be one, may hold such general terms; and any one or more of the justices may hold special terms and circuit courts, and any one of them may preside in courts of oyer and terminer in any county." In the first sentence of the section, the whole body of justices of the supreme court, as well those selected to be judges of the court of appeals as the others, are included under the term, "the said justices;" for from that body, one or more, who is not a judge of the court of appeals, may be designated to preside at general terms. The expression in this sentence, therefore, does not furnish any ground upon which we can limit the generality of the authority to *preside in courts of oyer and terminer, conferred by the last sentence in the section. Any one of the justices may preside in courts of oyer and terminer, is the language of the constitution. It includes every justice of the supreme court; and we have no authority to deny to the language used, its obvious meaning.

The judgment should therefore be affirmed.

HAND, J. This court consists of eight judges, four of whom are selected from the class of justices of the supreme court having the shortest time to serve. (*Const., art.* 6, § 2.) By the 6th section of the same article, a justice of the supreme court, not a judge of the court of appeals, is to be designated to preside at general terms. Three or more of the justices, of whom one must be a presiding justice, form a supreme court at general term ; one or more hold circuits and special terms, and preside in courts of oyer and terminer. Section 13 provides for filling vacancies. The judiciary act, which set the courts in motion, is conformable to the constitution in regard to their organization; and, among other things, provides for the selection of justices of the supreme court to be judges of the court of appeals. (*Laws of* 1847, 320, § 6.)

It is insisted on the part of the plaintiff in error, that a justice of the supreme court, on taking his seat in this court, becomes a judge of this court, and his powers as a justice of the supreme court are lost or suspended. I find nothing in the constitution or judiciary act to that effect. He takes no additional oath as a judge of the court of appeals, any more than the justices of the former supreme court did when they took their seats in the court for the correction of errors; nor did the latter take an additional oath of office when they happened to sit in a court of oyer and terminer. In one-half of the districts the justice having the shortest time to serve is in the court of appeals during the seventh year of his term ; and he is back again in the supreme court during *his last year. During the time one of those justices [*77 sits here, he may be a member of the court for the trial of impeachments, for he is no doubt for that purpose a judge of this court, and as such is a member of that court. (*Art.* 6, § 1.) The constitution provides that the members of that court shall, before the trial of an impeachment case, take an oath to try the same truly and impartially ; but

as every member takes this oath, no presumption arises in favor of the plaintiff in error from that circumstance even if that can be considered in the nature of an oath of office.

I find nothing in the constitution that strips a justice of the supreme court of that character while sitting here. To that office he was elected and into that he was sworn; and there is no prohibition against his acting as such at all times, except in the single instance of presiding at general term; and that exception is an implied admission that he may, or direction that he shall, perform all other duties when he has time to do so, the exception proving the rule.

If he is not still a justice of the supreme court and capable of sitting as such, what necessity of precluding him from presiding in that court. The language is, "one or more of said justices who is not a judge of the court of appeals." (*Const.*, *art.* 6, § 6.) This language is senseless, or at least supererogatory, if he is not still a justice of the supreme court. By force of the constitution and a designation under the statute, he becomes *ex officio* a judge of the court of appeals for one year; but there is nothing in the constitution or the statutes, that expressly or by implication takes from him his general powers as a justice of the supreme court; no disqualifying clause. And this view is strengthened by the debates of the convention to revise the constitution, if they should be allowed to influence our construction and the practice since the constitution was adopted; and there is nothing inconsistent in the performance *of the duties of both courts, those in this, of course, being of paramount importance.

I think the judgment must be affirmed.

Judgment accordingly.